FIREMEN'S ASSOCIATION OF PUERTO RICO, INC., Plaintiff and Appellant, *v.* PUERTO RICO FIRE SERVICE and RAÚL GÁNDARA, FIRE CHIEF, Defendants and Appellees; FIREMEN'S ASSOCIATION OF PUERTO RICO, LOCAL No. 1420, ETC., Intervener.

No. R-68-145.    Decided May 12, 1969.

*Nicolás Delgado Figueroa* for appellant. *Rafael A. Rivera Cruz, Solicitor General,* and *Peter Ortiz, Assistant Solicitor General,* for Puerto Rico Fire Service. *Noel de Jesús Mangual* for intervener.

Second Division composed of Mr. Justice Hernández Matos, as Chief Judge of Division, Mr. Justice Santana Becerra, Mr. Justice Dávila, and Mr. Justice Torres Rigual.

MR. JUSTICE DÁVILA delivered the opinion of the court.

A group of firemen, invoking the provisions of Act No. 134 of July 19, 1960, 3 L.P.R.A. § 702, which is copied below,[1] requested the Secretary of Labor to accredit them as an employees' association created under the authority of said law. They named themselves Firemen's Association of Puerto Rico, Local 1420, affiliated with International AFL-CIO. On

---

[1] "(a) Employees of the Government of the Commonwealth of Puerto Rico, including all its agencies, public corporations and instrumentalities, who, in the exercise of their constitutional rights, shall organize themselves into a bona fide group of public servants for the purposes of fostering their social and economic advancement and the general welfare of public employees, promoting and encouraging a liberal and progressive attitude toward public administration, and enhancing efficiency in the public services, as it may be accredited by the Secretary of Labor, may authorize the head of the department, agency or public instrumentality where they work to deduct from their salary the amount necessary for the payment of the assessments corresponding to them as members of such group of public servants. Every head of department, agency or public instrumentality shall include in the payroll the amount of the assessments authorized in writing by the employees, deducting them from their salaries. The amount of the assessment shall be that which the secretary of the respective group of public servants shall certify.

"(b) The authorizations given hereunder by employees of the Government of the Commonwealth of Puerto Rico may be revoked one year after their effective date.

"(c) Each employee shall authorize the deduction of assessments for not more than one group of public servants at a time, for the purposes established in this section.

"(d) The Secretary of the Treasury or the official responsible for making the payment of salaries in the departments, agencies, public corporations and instrumentalities, shall deliver to the officer designated by the corresponding group of public servants the amount of the deductions authorized by the employees pursuant to this section. For this purpose, the officer designated by the group of public servants shall furnish the pertinent bond as custodian of the funds of such group of public servants."

May 1, 1962, the Secretary of Labor issued the corresponding certificate.[2]

On April 23, 1966 a group of members of the aforementioned association decided to separate from the same. They constituted the Firemen's Association of Puerto Rico, Inc. On June 14, 1966 they filed an action against the Fire Service. They alleged that "the Firemen's Association of Puerto Rico, Inc., is a labor organization organized pursuant to the laws of the Commonwealth of Puerto Rico and certified as such by the Secretary of Labor of Puerto Rico and authorized by the latter for the deduction of assessments. . . ."

They requested that the Fire Service of Puerto Rico be ordered to return the assessments which the firemen had authorized to be deducted from their respective salaries.

The Firemen's Association, Local 1420, affiliated with AFL-CIO requested to intervene, alleging that the plaintiff was not accredited or certified by the Secretary of Labor pursuant to the provisions of Act No. 134 of July 19, 1960. It affirmed that it was accredited and that the order to be entered by the court should be to the effect that the Fire Chief should deliver the assessments to it. After the intervention was granted, the Fire Service appeared alleging that it did not have any interest in the matter and that it would deliver the assessments withheld to the organization which the court would determine.

The court determined that the assessments should be delivered to the intervener association, that is, the Firemen's Association Local 1420 affiliated with AFL-CIO. In order to

---

[2] "In conformance with the authority granted to me by Act No. 134 of July 19, 1960, I hereby certify that the Firemen's Association of Puerto Rico, affiliated with the American Federation of Labor and Congress of Industrial Organizations (AFL-CIO) is a bona fide group of employees of the Fire Service organized for the declared purpose of fostering the social and economic advancement, the general welfare of public employees, and promoting and encouraging a liberal and progressive attitude toward public administration and enhancing efficiency in the public services. Nothing evincing the contrary."

reach that conclusion it considered the question raised as a controversy between rival labor unions. But it is not thus. Herein the applicable law is the aforementioned act in footnote 1. Therefore the cases concerning labor unions are not pertinent.

■■ The association organized by the members of the Puerto Rico Fire Service in the year 1962, that is, the intervener, was not a labor union. It was organized as we have said under the authority of the provisions of Act No. 134 of July 19, 1960, 3 L.P.R.A. § 702. Pursuant to the provisions of the cited act the employees who shall organize themselves into an association pursuant to the terms of said statute "may authorize the head of the department, agency or public instrumentality where they work to deduct from their salary the amount necessary for the payment of the assessments corresponding to them as members of such group of public servants." But the Act likewise provides that "The authorizations given hereunder by employees of the Government of the Commonwealth of Puerto Rico may be revoked one year after their effective date." And the act also authorizes the organization of more than one association with the limitation that "Each employee shall authorize the deduction of assessments for not more than one group of public servants at a time, for the purposes established in this section."

■ Therefore, the employees of the Fire Service who were affiliated with the intervener, Firemen's Association of Puerto Rico, Local 1420 affiliated with AFL-CIO, organized in 1962, could at any moment, provided a year had elapsed after they authorized the deduction of the assessments to be paid to this association, revoke such authorization. Instead of expressly doing so, they organized the Association, plaintiff herein. But from the evidence it appears that this association was not certified by the Secretary of Labor. A letter sent by this officer, dated May 11, 1967, was introduced in evidence,

where he states that on June 13, 1966, a letter was sent to the chairman of the new organization pointing out "the position of the Department of Labor, since a certification had been issued in favor of the Firemen's Association of Puerto Rico, it was not prudent to issue another certification of a bona fide group of public servants for another association with the same name even though the word Inc. were added to said name." Therefore, it was inappropriate to order the payment of the assessments to plaintiff. But since a group of employees has stated their intention to separate from the intervener association, it is appropriate to modify the judgment in the sense that the Fire Service deliver the assessments to the intervener with the exception of those employees who express that they do not want to pay the assessments to this organization and who have been members of the intervener association for a term in excess of one year. Judgment will be rendered in the terms aforestated.